# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. DARASHAN SHAH,<br>d/b/a EMBASSY ROW, LLC<br>238 Brookville Road<br>Muttontown, NY 11545<br><br>    *Plaintiff,*<br><br>v.<br><br>THE KINGDOM OF MOROCCO,<br><br>    *Defendant.* | Civil Action No. 06-CV-01888 |

## ANSWER

Defendant The Kingdom of Morocco ("Defendant") for its Answer to the Complaint states as follows:

1. Defendant admits the allegations in paragraph 1 of the Complaint to the extent that Plaintiff acquired ownership on or about February 23, 2006.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint. Defendant further states that the parties had contemplated a lease, but there was either no meeting of the minds or there was a failure of conditions precedent and the lease never became effective.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint. Defendant further states it never had an obligation to take possession of the Premises.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies all allegations of the Complaint not specifically admitted herein.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

There is no subject-matter jurisdiction as to the Complaint. Defendant is a foreign sovereign, and is entitled to immunity under the Foreign Sovereign Immunities Act of 1976.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of laches and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrine of unclean hands and Plaintiff's own misconduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there was never a meeting of the minds.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the failure of various conditions precedent and conditions subsequent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff repudiated any alleged agreement or revoked their offer.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, due to his failure to join indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages sustained by Plaintiff were the result of his own conduct and/or the intervening or superseding conduct of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts or a cause of action against Defendant sufficient to support a claim for service charges, attorneys' fees and/or legal fees, or any other relief.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred by his failure to mitigate and failure to use reasonable efforts to relet the property at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pending further discovery in this matter and in order to preserve its affirmative defenses pursuant to the provisions of Rule 8, Federal Rules of Civil Procedure, Defendant affirmatively alleges the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, anticipatory breach, payment, release, *res judicata*, statute of frauds, statute of limitations, waiver, lack of personal jurisdiction, insufficiency of service of process, as well as any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant The Kingdom of Morocco, asks that judgment be entered in its favor on all claims in the Complaint and against Plaintiff Dr. Darashan Shah and that Defendant be awarded all costs associated with defense, including reasonable attorneys' fees, and for such further relief as the Court deems just and appropriate.

Dated March 23, 2007

Respectfully submitted,

KALBIAN HAGERTY L.L.P.

/S/ Haig V. Kalbian

---

Haig V. Kalbian (D.C. Bar #400976)
Mary M. Baker (D.C. Bar #443104)
888 17th Street, N.W., Suite 1000
The Brawner Building
Washington, D.C. 20006
Phone: (202) 223-5600

Counsel for Defendant the Kingdom of Morocco