UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DR. DARASHAN SHAH, )
d/b/a EMBASSY ROW, LLC )
238 Brookville Road )
Muttontown, NY 11545 )
)
         *Plaintiff*, )
)
v. )   Civil Action No. 06-CV-01888
)
THE KINGDOM OF MOROCCO )
)
         *Defendant/Third-Party Plaintiff*, )
)
v. )
)
ANNE BUTLER, )
ANNE BUTLER REALTY GROUP, LLC )
305 - 8th Street NE )
Washington, DC 20002 )
)
         *Third-Party Defendants*. )
)

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, the Kingdom of Morocco ("Defendant" or the "Embassy") for its complaint against Third-Party Defendants, Anne Butler and Anne Butler Realty Group, LLC (collectively "Ms. Butler") states as follows:

### JURISDICTION

1.    Jurisdiction is vested in this Court under 28 U.S.C. § 1332(a)(4).

2. Venue is proper pursuant to 28. U.S.C. § 1391, because Third-Party Defendants reside and the cause of action arose in the District of Columbia.

## PARTIES

3. Defendant is a foreign sovereign with an embassy located in Washington, D.C.

4. Ms. Butler is and at the time of the occurrence upon which this Third-Party Complaint is based was a resident of the District of Columbia.

5. Anne Butler Realty Group, LLC is a real estate agency with the office located at 305 - 8th Street NE, Washington, D.C.

6. Dr. Shah ("Plaintiff" or "Dr Shah") is a current owner of real property located at 2113 S Street, N.W., Washington, D.C. 20008 (the "Property" or the "S Street Property").

## FACTS

7. This Third-Party Complaint stems from claims brought by Plaintiff against Defendant for alleged damages sustained from an alleged breach of a so-called lease by the Embassy and the wrongful, fraudulent actions of the Embassy's real estate agent in that proposed transaction.

8. Plaintiff alleges that in January 2006, Plaintiff as Landlord, and the Defendant as Tenant, entered into a Commercial Lease Agreement ("Lease") for the Property for a term of twenty-four (24) months commencing February 1, 2006. See Complaint at ¶¶ 5 and 9. Plaintiff is suing Defendant for a total amount of $ 160,419.60.

9. The Embassy has defended these claims, *inter alia*, by stating that no contract ever existed because (i) there was never a meeting of the minds (ii) there was a

failure of multiple conditions precedent and subsequent and (iii) Plaintiff, through Ms. Butler, repudiated the proposed agreement.

10. The Defendant's existing lease for its location at 1821 Jefferson Place, N.W., Washington, D.C. (the "Old Premises") was to expire at the end of June 2006. Accordingly, in or about September 2005, Defendant began looking for a new location for the Embassy's Consulate Annex to move into the next summer.

11. In or about early October 2005, Ms. Butler initiated contact with the Embassy, and she offered her services to find a suitable building for the Embassy.

12. Ms. Butler acted as a real estate agent on behalf of the Embassy. The Embassy understood—based on her express statements and her actions—that Ms. Butler was representing its interests in locating and leasing an appropriate building for the Embassy.

13. The Embassy explained to Ms. Butler that their current lease at the Old Premises would not expire until June 2006. Ms. Butler first suggested a building on Massachusetts Avenue, which had been a former diplomatic property, but that property got sold.

14. Then, at the end of December 2005, Ms. Butler offered the S Street Property to the Embassy for its consideration. The Property corresponded to many of the Embassy's needs concerning space, but it did require some improvements and repairs.

15. The Embassy made it clear it would not break the lease on the Old Premises to move unless Ms. Butler could secure an early lease termination agreement with the landlord of Old Premises.

16. On or about January 7, 2006, Ms. Butler submitted a draft contract between Plaintiff and Defendant (Plaintiff's Exhibit 1) for the Embassy's review and consideration.

17. At no time material to this action did Ms. Butler disclose the identity of Landlord for the S Street Property.

18. Ms. Aichaa Afifi ("Ms. Afifi"), the Embassy's Charge d'Affaires, and/or Embassy personnel specifically had informed Ms. Butler that no decision about the agreement could be made without the Ambassador, who at that time was away on a business trip.

19. Ms. Butler had full knowledge of the fact that the Embassy did not intend to be bound by the draft lease for the Property without, among other things, (i) Ambassador's prior approval and also among other things (ii) Having first achieved an amicable and suitable resolution of the remaining lease obligations with the landlord of Old Premises. Additionally, the Property was in need of repair and improvements.

20. Ms. Butler specifically assured Ms. Afifi that the proposed draft was not a formal contract and would not be binding. She further explained that it was necessary to use the draft lease solely to communicate to the Landlord of the S Property that Defendant was serious in its interest.

21. Upon information and belief, Ms. Butler knowingly made these false representations in order to secure a signed lease agreement from someone at the Embassy.

22. The Embassy justifiably relied on the statements from Ms. Butler. Based on those representations, Ms. Afifi signed the draft.

23. Upon information and belief, Ms. Butler was also simultaneously acting as Plaintiff's agent in the same transaction. Later that day and without the Embassy' knowledge or approval, Ms. Butler apparently countersigned the draft lease "for Dr. Darashan Shah/Managing Director of Embassy Row, LLC by Anne Butler/Agent". See Complaint at Exh.1. At all times material hereto, Ms. Butler failed to disclose her dual representation of Plaintiff and the Embassy and to receive the Embassy's consent.

24. Upon information and belief, Ms. Butler transmitted the draft to Plaintiff, who also countersigned the draft on or about January 16, 2006. At no time did the Embassy ever authorize Ms. Butler to use the draft lease as an offer (or acceptance).

25. Prior to this lawsuit, the Embassy had never received a copy of the lease signed by either Ms. Butler or Plaintiff, nor was it informed about the fact that (i) Ms. Butler had transmitted the lease to Plaintiff or (ii) she had signed the lease on Plaintiff's behalf.

26. Ms. Butler's actions were deliberate and fraudulent. She knew the Embassy had no intention to be bound. Moreover, after January 9, 2006, Ms. Butler explicitly acknowledged on behalf of the Plaintiff and herself that the proposed contract could not take place because (i) the required conditions were not met, and (ii) other tenants had expressed interest in the Property.

27. Defendant/Third-Party Plaintiff has been incurring substantial damages as a result of Ms. Butler's wrongful actions and breach of fiduciary duty.

### COUNT 1—BREACH OF FIDUCIARY DUTY

28. Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 27.

29. Third-Party Defendant Ms. Butler acted as a real estate agent on behalf of the Embassy to assist in locating and leasing appropriate space for the Embassy. As the Embassy's agent, she owed a fiduciary duty to the Embassy and was required to exercise the utmost good faith and loyalty to the Embassy in performing the duties arising as a result of the relationship.

30. As a fiduciary, Ms. Butler owed the Embassy, *inter alia*, the duty to avoid conflict of interests, to inform the Embassy of the existence of any such potential conflict of interest and the duty not to profit from her position without disclosing her interest (or potential interest) and without express knowledge and consent. Ms. Butler's duty also encompassed the obligation to act in the interests of the Embassy and to inform the Embassy of every development affecting that interest.

31. Ms. Butler breached her fiduciary duty to the Embassy, *inter alia*, by (i) serving as a dual agent both for Plaintiff and for Defendant in the same real estate transaction; (ii) failing to inform the Embassy about her dual representation and her personal interest in the transaction; (iii) not ceasing such representation once the interests of the parties were in conflict; (iv) acting against the Embassy's interests when misrepresenting that the contract she asked Ms. Afifi to sign was not a contract but simply something necessary to show interest to the landlord of the Property and would not otherwise be used; (v) signing the lease for Landlord and not disclosing that fact to the Embassy; (vi) failing to identify all parties involved; (vii) obtaining the Plaintiff's signature and not informing the Embassy of that fact; (viii) not providing the Embassy with a copy of a countersigned lease, and (ix) otherwise concealing, failing to disclose and misrepresenting material facts regarding the proposed transaction.

32. As a direct and proximate cause of Ms. Butler's multiple breaches of her fiduciary duty, Defendant has been suffering significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC as follows: (1) compensatory damages in an amount to be determined at trial, but no less than $160,000; (2) punitive damages in an amount of at least $300,000; (3) pre-judgment interest; (4) plus reasonable attorneys' fees and costs; (5) and for such other and further relief as this Court deems just and appropriate.

## COUNT 2—FRAUD AND MISREPRESENTATION

33. Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 32.

34. On or about January 7, 2006, when submitting a draft contract for the Embassy's consideration Ms. Butler made certain representations that the Embassy justifiably relied upon. For example, she assured Ms. Afifi and/or other Embassy personnel that the draft was not an official contract but that it was solely a means to ensure that Defendant had serious interest in pursuing the lease. She never disclosed any intention to send the document and certainly not that she would sign for the Landlord on the lease.

35. On January 9, 2006, Defendant signed the draft lease relying on these representations by Ms. Butler. Defendant would not have signed the draft but for Ms. Butler's clear and specific representations to Ms. Afifi and/or other Embassy personnel.

36. Ms. Afifi, as well as others at the Embassy, expressly told Ms. Butler on several occasions that not only there were certain conditions precedent to the Embassy's interest in agreeing to a formal contract, one of them being, an early lease termination at the Old Premises, but also that any decision about entering into a formal contract could not be made without the Ambassador.

37. At the time Ms. Afifi signed the draft lease, Ms. Butler had full knowledge of lack of the Embassy's intent to be bound, as well as other conditions precedent to a formal contract. Notwithstanding (i) the express directives from the Embassy, (ii) her knowledge of its intention not to be bound and its specific conditions and (iii) Plaintiff's rejection or repudiation of any deals, Ms. Butler proceeded to countersign the draft lease on Plaintiff's behalf. Complaint at Exh. 1.

38. Thus, Ms. Butler knowingly made false and misleading representations as to material facts and committed fraud by (i) knowingly misrepresenting to the Embassy that a draft signed by Ms. Afifi was necessary and would only be used to show interest to the landlord and would not otherwise be used; (ii) concealing her true role as Plaintiff's agent by unbeknownst to the Embassy signing the lease on his behalf; (iii) failing to disclose the identity of the proposed Landlord; and (iv) failing to inform the Embassy about the fact that she and Plaintiff countersigned the draft lease and intended it to be binding.

39. As a direct and proximate cause of Ms. Butler's materially false statements and omissions, Defendant has been suffering significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC, as follows: (1) compensatory damages in an amount to be determined at trial, but no less than $100,000; (2) punitive damages of at least $300,000; (3) pre-judgment interest; (4) plus reasonable attorneys' fees and costs; (5) and for such other and further relief as this Court deems just and appropriate.

### COUNT 3—NEGLIGENCE

40. Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 39.

41. Alternatively, Ms. Butler is liable to Defendant for negligence in failing to properly carry out the duties owed to the Embassy. As a real estate agent for Defendant she was under a duty to exercise reasonable care and skills in the handling of the matter entrusted to her—that is, helping the Embassy to find a new property to move into when the old lease expired.

42. At a minimum, Ms. Butler acted negligently by not resolving the ambiguities between the parties as to existence and necessary conditions of the lease agreement. Those negligent actions include but are not limited to the following: (i) Failing to inform the Embassy about her dual representation of the Embassy and potential Landlord in the transaction, (ii) Failing to inform the Embassy about the identity of all parties involved; (iii) Failing to make clear to the Embassy and Ms. Afifi that by signing the draft lease the Plaintiff could contend—as indeed it has— that the Embassy was entering into a formal contract; (iv) Failing to tell the Embassy that she had signed the

draft for the Plaintiff; and (v) otherwise concealing material information and failing to adhere to the Embassy's instructions and to act in its best interests.

43. As a direct and proximate cause of Ms. Butler's negligence, Defendant has been suffering significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC, as follows: (1) compensatory damages in an amount to be determined at trial, but no less than $100,000; (2) pre-judgment interest; (3) plus reasonable attorneys' fees and costs; (4) and for such other and further relief as this Court deems just and appropriate.

Dated April 6, 2006

Respectfully submitted,

KALBIAN HAGERTY L.L.P.

/S/ Mary M. Baker

Haig V. Kalbian (D.C. Bar #400976)
Mary M. Baker (D.C. Bar #443104)
888 17th Street, N.W., Suite 1000
The Brawner Building
Washington, D.C. 20006
Phone: (202) 223-5600

Counsel for Defendant the Kingdom of Morocco

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2007, a true and complete copy of the foregoing was served via first class mail, postage prepaid on the following:

>Robert W. Luchs, Esq.
>Joshua M. Greenberg, Esq.
>1620 L Street, N.W., Suite 900
>Washington, DC 20036-5605

*Attorneys for Plaintiff*

/S/ Mary M. Baker
_____
Mary M. Baker