UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. DARASHAN SHAH,<br>d/b/a EMBASSY ROW, LLC<br>238 Brookville Road<br>Muttontown, NY 11545<br><br>*Plaintiff,*<br><br>v.<br><br>THE KINGDOM OF MOROCCO,<br><br>*Defendant/Third-Party Plaintiff,*<br><br>v.<br><br>ANNE BUTLER,<br>ANNE BUTLER REALTY GROUP, LLC<br>305 - 8th Street NE<br>Washington, DC 20002<br><br>*Third-Party Defendants.* | Civil Action No. 06-CV-01888 |

### AMENDED THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, the Kingdom of Morocco ("Defendant" or the "Embassy") for its complaint against Third-Party Defendants, Anne Butler and Anne Butler Realty Group, LLC (collectively "Ms. Butler"), states as follows:

### JURISDICTION

1.  Jurisdiction is vested in this Court under 28 U.S.C. § 1332(a)(4).

2. Venue is proper pursuant to 28. U.S.C. § 1391, because Third-Party Defendants reside and the cause of action arose in the District of Columbia.

**PARTIES**

3. Defendant is a foreign sovereign with an embassy located in Washington, D.C.

4. Ms. Butler is (and at the time of the occurrence upon which this Third-Party Complaint is based was) a resident of the District of Columbia.

5. Anne Butler Realty Group, LLC is a real estate agency with the office located at 305 - 8th Street NE, Washington, D.C.

6. Dr. Shah ("Plaintiff" or "Dr Shah") is a current owner of real property located at 2113 S Street, N.W., Washington, D.C. 20008 (the "Property" or the "S Street Property").

**FACTS**

7. This Third-Party Complaint stems from claims brought by Plaintiff against Defendant for alleged damages sustained from an alleged breach of a so-called lease by the Embassy and the wrongful, fraudulent actions of the Embassy's real estate agent—Ms. Butler and her firm—in that proposed transaction.

8. Plaintiff alleges that in January 2006, Plaintiff as Landlord, and the Defendant as Tenant, entered into a Commercial Lease Agreement for the Property for a term of twenty-four (24) months commencing February 1, 2006. See Complaint at ¶¶ 5 and 9. Plaintiff is suing Defendant for a total amount of $ 160,419.60.

9. The Embassy has defended these claims, *inter alia,* by stating that no contract ever existed because (i) there was never a meeting of the minds; (ii) there was a

2

failure of multiple conditions precedent and subsequent; and (iii) Plaintiff, through Ms. Butler, revoked its offer or repudiated the proposed lease agreement.

10. The Defendant's existing lease for its location at 1821 Jefferson Place, N.W., Washington, D.C. (the "Old Premises") was to expire at the end of June 2006. Accordingly, in or about September 2005, Defendant began looking for a new location for the Embassy's Consulate Annex to move into the next summer and made inquiry at several real estate agencies.

11. In or about early October 2005, Ms. Butler initiated contact with the Embassy, and she offered her services to find a suitable building for the Embassy.

12. Ms. Butler acted as a real estate agent on behalf of the Embassy. The Embassy understood—based on her express statements and her actions—that Ms. Butler was representing its interests in locating and leasing an appropriate building for the Embassy's Consulate Annex.

13. In the fall of 2005 the Embassy explained to Ms. Butler that their current lease at the Old Premises would not expire until June 2006. First, Ms. Butler had suggested to the Embassy for its consideration a building on Massachusetts Avenue, which had been a former diplomatic property. However, she subsequently told the Embassy that Massachusetts Avenue property had been sold.

14. Then, at the end of December 2005, Ms. Butler offered the S Street Property to the Embassy for its consideration. The Property corresponded to many of the Embassy's needs concerning space for the Consulate Annex, but it did require some improvements and repairs.

3

15. The Embassy made clear that it would not break its lease on the Old Premises and would not enter into any new agreement for space unless Ms. Butler could secure an early lease termination agreement with the landlord of the Old Premises.

16. On or about January 7, 2006, Ms. Butler submitted a draft lease between Plaintiff and Defendant (Plaintiff's Exhibit 1) for the Embassy's review and consideration.

17. At no time material to this action (or prior to this lawsuit) did Ms. Butler disclose to the Embassy the identity of the Landlord for the S Street Property.

18. Ms. Aichaa Afifi ("Ms. Afifi"), the Embassy's Charge d'Affaires, specifically had informed Ms. Butler that no decision about the draft lease for the S Street Property could be made without the Ambassador, who at that time was away on a business trip.

19. Ms. Butler had full knowledge of the fact that the Embassy did not intend to be bound by the draft lease for the Property without, among other things: (i) First obtaining Ambassador's approval of the transaction; and (ii) First having achieved an amicable and suitable resolution of the remaining lease obligations with the landlord of Old Premises. Additionally, the Property was in need of repair and improvements which would have to be made before there could be a deal.

20. Ms. Butler specifically assured Ms. Afifi and Mr. Mohamed El Hajjaji, Embassy's Accountant ("Mr. Hajjaji) that the proposed lease was not a formal contract and would not be binding on the Embassy. She further explained that all she needed was for someone at the Embassy to write down their name on the draft lease—not as a

signature but solely as a means for identification and solely to communicate to the Landlord of the S Property that Defendant was serious in its interest.

21.     Upon information and belief, including allegations in the Complaint Ms. Butler knowingly made these false representations in order to secure some kind of written document that she and the Plaintiff could argue constituted an enforceable lease.

22.     The Embassy justifiably relied on the statements from Ms. Butler described above. Based on those representations, Ms. Afifi and Ms. Hajjaji wrote down their names in the signature section of the draft lease; however, they did not affix their signatures.

23.     Upon information and belief, Ms. Butler was also simultaneously acting as Plaintiff's agent in the same proposed lease transaction for the S Street Property. Later and without the Embassy' knowledge or approval, Ms. Butler apparently countersigned the draft lease "for Dr. Darashan Shah/Managing Director of Embassy Row, LLC by Anne Butler/Agent." See Complaint at Exh.1. At all times material hereto, Ms. Butler failed to disclose her dual representation of Plaintiff and the Embassy regarding the proposed lease transaction for the S Street Property and to obtain the Embassy's consent for her dual role.

24.     Upon information and belief, Ms. Butler transmitted the draft lease to Plaintiff, who apparently on or about January 16, 2006, also countersigned the draft as "Darashan Shah for Landlord/ Managing Member of Embassy Row, LLC." At no time did the Embassy ever (i) intend to enter into a binding lease; (ii) authorize Ms. Butler to use the draft lease as an offer (or acceptance) regarding the S Street Property; or (iii) know about or agree to her dual representation.

25. Prior to this lawsuit, the Embassy never had received a copy of the draft lease signed by either Ms. Butler or Plaintiff, nor was it informed about the fact that (i) Ms. Butler had transmitted the draft lease to Plaintiff; and/or (ii) she had signed the draft lease on Plaintiff's behalf.

26. Ms. Butler's actions were deliberate and fraudulent. She knew the Embassy had no intention to be bound by the terms of the draft lease. Moreover, after January 9, 2006, Ms. Butler explicitly acknowledged on behalf of the Plaintiff and herself that (i) the proposed lease agreement could not take place, (ii) required conditions were not met, and (iii) other tenants had expressed interest in the Property.

27. Defendant/Third-Party Plaintiff has incurred and continues to incur substantial damages as a direct and proximate result of Ms. Butler's wrongful actions and breaches of fiduciary duty.

## COUNT 1—BREACH OF FIDUCIARY DUTY

28. Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 27.

29. Third-Party Defendant Ms. Butler acted as a real estate agent on behalf of the Embassy to assist in locating and leasing appropriate property for the Embassy for its Consulate Annex. As the Embassy's agent, she owed a fiduciary duty to the Embassy and was required to exercise the utmost good faith and loyalty to the Embassy in that process.

30. As a fiduciary, Ms. Butler owed the Embassy, *inter alia*, the duty to avoid conflict of interests, to inform the Embassy of the existence of any such potential conflict of interest and the duty not to profit from her position without disclosing her interest (or

potential interest) to the Embassy and without express knowledge and consent of the Embassy. Ms. Butler's duty also encompassed the obligation to act in the best interest of the Embassy and to inform the Embassy of every development affecting that interest.

31.     Ms. Butler breached her fiduciary duty to the Embassy, *inter alia,* by (i) serving as a dual agent both for Plaintiff and for Defendant in the same real estate transaction; (ii) failing to inform the Embassy about her dual representation and her personal interest in the transaction; (iii) not ceasing her representation once the interests of the parties were in conflict or disclosing the conflict; (iv) acting against the Embassy's interests when misrepresenting that the draft lease she asked Ms. Afifi and Mr. Hajjaji to put their names on was not a contract but simply something necessary to show interest to the landlord of the S Property and that the document would not otherwise be used; (v) signing the draft lease for Landlord and not disclosing that fact to the Embassy; (vi) failing to identify all parties involved; (vii) apparently obtaining the Plaintiff's signature and not informing the Embassy of that fact; (viii) not providing the Embassy with a copy of a countersigned draft lease prior to the suit; and (ix) otherwise concealing, failing to disclose and misrepresenting material facts regarding the proposed transaction for the Property.

32.     As a direct and proximate cause of Ms. Butler's multiple breaches of her fiduciary duty, Defendant/Third-Party Plaintiff has suffered and continues to suffer significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC, as follows: (1)

compensatory damages in an amount to be determined at trial, but no less than $160,000; (2) punitive damages in an amount of at least $320,000; (3) pre-judgment interest; (4) plus reasonable attorneys' fees and costs; (5) and for such other and further relief as this Court deems just and appropriate.

## COUNT 2—FRAUD AND MISREPRESENTATION

33.     Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 32.

34.     On or about January 7, 2006, when submitting a draft lease for the Embassy's consideration, Ms. Butler made certain, specific representations that the Embassy justifiably relied upon. For example, she assured Ms. Afifi and Mr. Hajjaji that the draft was not an official contract and would not be binding. She explained that all she needed was for someone at the Embassy to write down their names on the draft lease—not as a signature but solely as a means for identification and solely to communicate to the Landlord of the S Property that Defendant was serious in its interest. Ms. Butler never disclosed any intention to send the document to the Landlord and certainly not that she would sign for the Landlord on that draft lease.

35.     On January 9, 2006, Ms. Afifi and Mr. Hajjuji put their names (but not signatures) on the draft lease relying on these representations by Ms. Butler. They would not have done that but for Ms. Butler's clear and specific representations to Ms. Afifi and Mr. Hajjuji that she only needed to communicate to the Landlord of the S Property that Defendant was serious in its interest and that the document was not binding.

36.     Ms. Afifi, as well as Mr. Hajjaji, expressly told Ms. Butler on several occasions that there were certain conditions precedent to the Embassy's interest in

agreeing to a formal contract, one of them being, securing an early lease termination agreement for the Old Premises. They also emphasized to Ms. Butler that any decision about entering into a formal contract could not be made without the Ambassador's prior approval of the terms of any agreement.

37. At the time Ms. Afifi and Mr. Hajjaji put their names on the draft lease, Ms. Butler had full knowledge of lack of the Embassy's intent to be bound, as well as other conditions precedent to the Embassy's willingness to enter into a binding lease agreement. She knew (or had reasons to know) that the Embassy would rely on such statements and intended the Embassy to rely on same. Notwithstanding (i) the express directives from the Embassy, (ii) her knowledge of its intention not to be bound to the draft lease and its specific conditions to entering into any arrangement; and (iii) Plaintiff's rejection or repudiation of any proposed agreement, Ms. Butler proceeded (wrongfully) to countersign the draft lease on Plaintiff's behalf. See Complaint at Exh. 1.

38. Thus, Ms. Butler knowingly made false and misleading representations as to material facts and committed fraud by (i) knowingly misrepresenting to the Embassy that a draft lease with names of Ms. Afifi and Mr. Hajjaji on it was necessary and would only be used to show interest to the Landlord and would not otherwise be used; (ii) concealing her true role as Plaintiff's agent by unbeknownst to the Embassy signing the draft lease on Plaintiff's behalf; (iii) failing to disclose the identity of the proposed Landlord; and (iv) failing to inform the Embassy about the fact that she and Plaintiff countersigned the draft lease and intended it to be binding; (v) concealing the existence of the countersigned draft lease.

39. As a direct and proximate cause of Ms. Butler's materially false statements and omissions, Defendant has suffered and continues to suffer significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC, as follows: (1) compensatory damages in an amount to be determined at trial, but no less than $100,000; (2) punitive damages of at least $320,000; (3) pre-judgment interest; (4) plus reasonable attorneys' fees and costs; (5) and for such other and further relief as this Court deems just and appropriate.

### COUNT 3—NEGLIGENCE

40. Defendant/Third-Party Plaintiff incorporates by reference each and every allegation as set forth above in paragraphs 1 through 39.

41. Ms. Butler is liable to Defendant for negligence in failing to properly carry out the duties she owed to the Embassy. As a real estate agent for Defendant, she had a duty to exercise reasonable care and skills in the handling of the matter entrusted to her—that is, helping the Embassy to find a new property for its Consulate Annex to move into when the old lease expired and to negotiate an appropriate lease based on the circumstances.

42. At a minimum, Ms. Butler acted negligently by not communicating to the Embassy and/or Plaintiff crucial information relating to the S Street Property. Those negligent actions include, but are not limited to, the following: (i) Failing to inform the Embassy about her dual representation of the Embassy and potential Landlord in the

transaction, (ii) Failing to inform the Embassy about the identity of all parties involved; (iii) Failing to make clear to Ms. Afifi and Mr. Hajjaji that by writing down their names in the "signature" section of the draft lease the Plaintiff might try to take the position that the Embassy somehow was manifesting an intention to be bound; (iv) Failing to tell the Embassy that she had signed the draft lease for the Plaintiff and that she and Plaintiff using the draft lease; and (v) Otherwise concealing material information and failing to adhere to the Embassy's instructions and act in its best interests.

43.     As a direct and proximate cause of Ms. Butler's negligence, Defendant has suffered and continues to suffer significant monetary and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff, the Kingdom of Morocco, respectfully asks that the Court enter judgment in its favor and against Third-Party Defendants, Ms. Anne Butler and Anne Butler Realty Group, LLC, as follows: (1) compensatory damages in an amount to be determined at trial, but no less than $100,000; (2) pre-judgment interest; (3) plus reasonable attorneys' fees and costs; (4) and for such other and further relief as this Court deems just and appropriate.

Dated April 17, 2006                    Respectfully submitted,

                                        KALBIAN HAGERTY L.L.P.

                                        /S/ Mary M. Baker

                                        Haig V. Kalbian (D.C. Bar #400976)
                                        Mary M. Baker (D.C. Bar #443104)
                                        888 17th Street, N.W., Suite 1000
                                        The Brawner Building
                                        Washington, D.C. 20006
                                        Phone: (202) 223-5600

                                        Counsel for Defendant the Kingdom of Morocco

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of April 2007, a true and complete copy of the foregoing was served via first class mail, postage prepaid on the following:

    Robert W. Luchs, Esq.
    Joshua M. Greenberg, Esq.
    1620 L Street, N.W., Suite 900
    Washington, DC 20036-5605

    *Attorneys for Plaintiff*

        /S/ Mary M. Baker
        _____
        Mary M. Baker