UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. DARASHAN SHAH,<br>d/b/a EMBASSY ROW, LLC,<br><br>   *Plaintiff,*<br>v.<br><br>THE KINGDOM OF MOROCCO,<br><br>   *Defendant/Third-Party Plaintiff,*<br>v.<br><br>ANNE BUTLER,<br><br>and<br><br>ANNE BUTLER REALTY GROUP, LLC,<br><br>   *Third-Party Defendants.* | Civil Action No. 06-CV-01888 |

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Kingdom of Morocco ("Kingdom of Morocco" or "Defendant/Third-Party Plaintiff"), by counsel and pursuant to Rules 12(b)(6) and 14 of the Federal Rules of Civil Procedure respectfully submits this Memorandum of Law in Support of its Opposition to Third-Party Defendants' Motion to Dismiss Third-Party Complaint. In support thereof, Defendant/Third-Party Plaintiff states as follows:

**INTRODUCTION**

Plaintiff Dr. Darashan Shah d/b/a Embassy Row, LLC ("Shah") brought this action against Defendant/Third-Party Plaintiff relating to an alleged breach of a so-called lease

Case 1:06-cv-01888-TFH    Document 21    Filed 08/27/2007    Page 2 of 5

agreement ("draft lease"). After filing its Answer to the Plaintiff's Complaint, Defendant brought a third-party claim against Anne Butler and Anne Butler Realty Group, LLC (collectively "Third-Party Defendants" or "Butler"), for Butler's wrongful and fraudulent actions in the course of negotiating and facilitating the claimed lease agreement between Plaintiff and Defendant, which is the subject of Shah's claims.

On June 11, 2007, the Clerk of this Court entered the default against Butler. Thereafter, Butler filed a Consent Motion to vacate the default, which was granted on July 27, 2007. Butler now moves to dismiss the Third-Party Complaint claiming it is procedurally defective under Rule 14 of the Federal Rules of Civil Procedure. However, as discussed further below, Butler's arguments are without merit and the Motion to Dismiss should be denied.

## ARGUMENT

### A. Legal Standards

#### 1. Motion to Dismiss

It is well-settled that a motion to dismiss should be granted only where it appears "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Radack v. U.S. Dept. of Justice, 402 F.Supp.2d 99, 103 (D.D.C. 2005). For purposes of a motion to dismiss, the well-pled factual allegations of a complaint or counterclaim must be taken as true and doubts concerning the sufficiency of a claim resolved in favor of the pleading party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Papasan v. Allain, 478 U.S. 265, 283 (1986); see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) (holding that when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### *2. Third-Party Action under Fed. R. Civ. P. 14*

Rule 14 outlines, among other things, the circumstances under which a defendant may bring in a third-party. The Rule provides a procedural mechanism intended to promote judicial efficiency and is used to avoid delay and needless multiplicity of actions by eliminating piecemeal litigation. Specifically, Rule 14 affords parties the opportunity to litigate their disputes in one action rather than requiring separate actions against a third-party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim. See 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1442, at 202-03 (1971); National Mut. Ins. Co. v. Liberty Mut. Ins. Co., 196 F.2d 597 (D.C. Cir. 1952).

### B. Motion to Dismiss Should be Denied Because Ms. Butler is Liable for All of the Plaintiff's Claims Against Defendant

As alleged in the Defendant's Third-Party Complaint, which must be accepted as true for the purposes of this Motion, the third-party action stems from claims brought by Plaintiff against Defendant for breach of the draft lease by the Defendant. See Third-Party Compl. at ¶ 7. The draft lease—Plaintiff's sole basis for his claim—was initialed by Defendant as a result of certain misrepresentations made by Ms. Butler. Specifically, she assured Defendant that the draft lease was not a formal contract and would not bind the Embassy. Id. at ¶ 20. Unbeknownst to Defendant, Ms. Butler later countersigned the draft lease on behalf of the Plaintiff and transmitted it to him. Id. at ¶¶ 23, 24. But for Ms. Butler's wrongful actions, Plaintiff would have never obtained a draft lease initialed by the Defendant. Consequently, any of Plaintiff's alleged damages for breach of contract are directly attributable to Ms. Butler's wrongdoing. Additionally, contrary to Ms. Butler's assertions, Defendant and Ms. Butler maintained a principal-agent relationship which was "directly based upon the lease or its terms." See Draft

Lease at ¶ 35, attached to Pl.'s Complaint as **Exhibit 1** (which named "Anne Butler Realty Company" as the sole agent entitled for commissions).

Ms. Butler posits that here the third-party claims are based on theories of breach of fiduciary duty, fraud and negligence. According to Ms. Butler, these claims are, by their nature, independent causes of action "regardless of their having originated in the circumstances surrounding the execution of the lease" and, therefore do not support secondary liability under Rule 14. Asserting tort claims (such as breach of fiduciary duty, fraud or negligence claims) in a third-party complaint is not novel. See Merrill Lynch Pierce Fenner & Smith, Inc. v. Cheng, 901 F.2d 1124 (D.C. Cir. 1990) (involving a third-party action against stockbroker under theories of breach of fiduciary duty, fraud and negligence); see also Murphy v. O'Donnell, 63 A.2d 340 (D.C. 1948) (involving a third-party action against a real estate broker for misrepresentations made during negotiations of a contract for sale of real property). In any event, Butler's claims favor form over substance. It is axiomatic that a complaint cannot be dismissed if it appears from the facts and circumstances that a plaintiff can plead a viable claim. See Conley, 355 U.S. at 45-46; Papasan, 478 U.S. at 283. The facts as pled in the original Complaint highlight Defendant's claim that, if there is any liability, Ms. Butler caused the circumstances which gave rise to liability and, consequently, ought to pay. The fact that Defendant did not specifically include a separate, named count with a heading for "contribution" or "indemnification" does not negate the well-pled facts.

Ms. Butler is liable for all of the Plaintiff's claims against Defendant and this Third-Party action is proper. For this reason, Third-Party Defendant's Motion to Dismiss Third-Party Complaint should be denied. In the alternative and without conceding as to the merit or lack

- 5 -

thereof of Butler's Motion to Dismiss, Defendant respectfully requests that the Court grant it leave to substitute and include headings for named counts of contribution and indemnification.

Dated August 27, 2007

Respectfully submitted,

KALBIAN HAGERTY L.L.P.

/S/ Mary M. Baker

---

Haig V. Kalbian (D.C. Bar #400976)
Mary M. Baker (D.C. Bar #443104)
Aaron W. Knights (D.C. Bar #489555)
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 223-5600
*Counsel for Third-Party Plaintiff
the Kingdom of Morocco*