UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DARASHAN SHAH,
doing business as
EMBASSY ROW, LLC

    *Plaintiff,*

  v.

THE KINGDOM OF MOROCCO,

    *Defendant and Third Party Plaintiff,*

  v.

ANNE BUTLER and
ANNE BUTLER REALTY GROUP, LLC,

    *Third Party Defendants.*

Civ. No. 06-1888 (TFH)

## JOINT RULE 16.3 REPORT AND JOINT RULE 26(F) DISCOVERY PLAN

Pursuant to the Court's Order of April 21, 2008 and Local Rule 16.3(c) and (d), Counsel for the Plaintiff, Dr. Darashan Shah, conferred with Counsel for the Defendant/Third Party Plaintiff, the Kingdom of Morocco, and Counsel for the Third Party Defendants, Anne Butler and Anne Butler Realty Group, LLC, with respect to the matters set forth in the Rule 26(f), and in Local Rule 16.3(c), and have agreed on a discovery plan for this case and as to other matters as set forth below:

### PRELIMINARY STATEMENT

This case involves a dispute about a written lease for the building located at 2113 S Street, N.W., Washington, D.C. 20008 ("Building"). The Plaintiff, Dr. Darashan Shah ("Dr. Shah") is the owner of the Building. At issue in the case is the validity of a Commercial Lease

Agreement that is signed by an agent of the Defendant, The Kingdom of Morocco ("KoM"). KoM claims that upon Ms. Butler's request it initialed the draft lease solely as a means for identification and to communicate to Dr. Shah that it was serious in its interest. The Third Party Defendants are Anne Butler and Anne Butler Realty Group, LLC, a company owned by Ms. Butler. Ms. Butler was Dr. Shah's real estate leasing agent. In the Second Amended Third Party Complaint, KoM claims that Ms. Butler assured KoM's agents that what they were initialing was merely a draft lease to which KoM would not be bound.[1] The Court's jurisdiction is based on diversity of citizenship and the fact that KoM is a foreign government.

## MATTERS DISCUSSED AT CONFERENCE

1.  <u>Whether the Case is Likely to Be Disposed of By Dispositive Motion</u>. The parties agree that it is not likely that this case will be resolved by the filing of a dispositive motion. The parties further agree that discovery should not be postponed until after a decision on any dispositive motion.

2.  <u>Date for Joinder and Amendment of Pleadings; Narrowing of Issues</u>. The parties do not believe that any additional parties should be joined, but if an additional party needs to be joined, the request to amend any pleading to join an additional party should be made by June 15, 2008, unless other information is revealed in discovery that may necessitate the joinder of an additional party or parties.

3.  <u>Whether the Case Should be Assigned to a Magistrate Judge</u>. The parties agree that this case should not be assigned to a magistrate judge.

---

[1] The Preliminary Statement provides the Court with a factual background, but is not intended as an admission of facts. Many of the facts in this case are disputed.

4. **Possibility of Settlement**. The parties have already had settlement discussions and will continue to explore settlement negotiations. At this time, without any discovery having been conducted, the parties are unable to make a realistic assessment as to the likelihood of settlement.

5. **ADR Procedures**. The parties agree that ADR (mediation or neutral case evaluation) would be appropriate but not until after an initial round of written discovery (interrogatories, requests for production, and requests for admission) and party depositions have been completed.

6. **Dispositive Motion Schedule**. The parties do not believe that dispositive motions will decide the case or will narrow the issues. The parties will request that the dispositive motions deadline be not earlier than thirty (30) days after the close of discovery (*i.e, circa* January 15, 2009).

7. **Initial Disclosures**. The parties will not dispense with initial pretrial disclosures. The parties will exchange initial disclosures pursuant to Rule 26(a) (1) (A), (B), (C), and (D) on or before June 16, 2008.

8. **Anticipated Extent of Discovery, Length, Limits**. Each side anticipates sending at least one set of written discovery requests (interrogatories, request for production, and requests for admissions). Dr. Shah anticipates taking at least three depositions (Ms. Butler, KoM's designated representative, and the person that signed the lease on behalf of KoM). KoM anticipates taking at least three depositions (Ms. Butler, Dr. Shah and Wayne Cohen). Third Party Defendants anticipate taking at least two depositions (Ms. Aichaa Afifi and Mr. Mohammed El Hajjaji). The parties request that the deadline for written discovery requests be August 2, 2008, with the completion of all discovery by December 15, 2008. The parties agree that service of written discovery may be made by electronic mail ("e-mail") in a format that

enables the recipient to open the discovery requests so that the individual requests can be copied into the response (Word 2003), but that e-mails sent after 5:30 p.m. will be considered to have been served on the next calendar day that is not a weekend day or holiday.

9.  Expert Disclosures.  The parties do not believe that there will be any pretrial expert witness disclosures under Rule 26 (a)(3)(A), (B) and (C).  Rule 26(a)(2) expert disclosures, if any, will be made by the proponent of a claim on or before September 15, 2008, with counter-expert disclosures, if any, to be made by October 31, 2008.

10.  Class Actions.  Inapplicable to this case.

11.  Bifurcation of Trial.  The parties agree that the trial should not be bifurcated.

12.  The Date for the Pretrial Conference.  The parties suggest that the pretrial conference should take place thirty (30) days after the date that any dispositive motions are decided.

13.  Scheduling of Trial Date.  The parties agree that the trial date should not be selected until the Pretrial Conference.

14.  Other Matters.  The parties do not believe that there are any other matters to be addressed at this time.

Respectfully submitted,

DR. DARASHAN SHAH, by Counsel

/s/ James D. Sadowski
James D. Sadowski #446635
GREENSTEIN DeLORME & LUCHS, P.C.
1620 L Street, N.W. - Suite 900
Washington, DC  20036
Phone:  (202) 452-1400
Fax:  (202) 452-1410
jds@gdllaw.com
*Counsel for Plaintiff Dr. Darashan Shah*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Rule 16.3 Report And Rule 26(F) Discovery Plan was filed electronically with the Court this 22nd day of May, 2008, and should be sent electronically under the Court's CM/ECF system (as a notice of filing) to the following persons:

>Haig V. Kalbian, Esq.
>Mary M. Baker, Esq.
>Anthony Wright, Esq.
>Kalbian Hagerty LLP
>888 17th Street, N.W., Suite 1000
>The Brawner Building
>Washington, DC  20006
>*Attorneys for Defendant/Third Party Plaintiff*
>  *The Kingdom of Morocco*
>
>Roy Niedermayer, Esq.
>PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG
>  EIG & COOPER, CHTD.
>4800 Hampden Lane, 7th Floor
>Bethesda, MD 20814
>*Attorneys for Third Party Counterclaim Plaintiffs*
>*Anne Butler and Anne Butler Realty Group*

>  /s/ James D. Sadowski
>  _____
>  James D. Sadowski